UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALISSA MARIE HAMMER,

       Plaintiff,

v.

Case No. 13-10176
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 31, 2014

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

     On February 24, 2014, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Malissa Marie Hammer's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment.  Plaintiff filed an objection to the R & R on March 10, 2014.  The Court has now reviewed the R & R, Plaintiff's objection, the parties' underlying motions, and the remainder of the record.  For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff has lodged a single objection to the R & R, which essentially reiterates the principal argument raised in her underlying summary judgment motion. Specifically, Plaintiff contends that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") did not impermissibly deviate from the treating physician rule in declining to adopt certain of the limitations found in two medical source statements prepared by Plaintiff's treating physician, Dr. Richard LaBaere, II. Although Dr. LaBaere opined in these two statements that Plaintiff (i) could sit for less than two hours and stand and/or walk for less than two hours in an eight-hour workday, and (ii) would need one ten-minute rest period per hour during the workday, (*see* Admin. Record at 401-02, 419-20), Plaintiff's residual functional capacity ("RFC") as determined by the ALJ did not incorporate these limitations, but instead reflected that Plaintiff was capable of performing a limited range of light work, (*see id.* at 21). Because no other physician, whether treating or otherwise, provided an opinion that supported this RFC finding, Plaintiff submits that the ALJ necessarily must have "placed his own non-medical judgment above the treater's medical judgment" and "acted as his own medical expert." (Plaintiff's Objection at 4.)

The Court agrees with the Magistrate Judge that Plaintiff's argument "is not well taken." (R & R at 14.) As explained in the R & R, the Social Security regulation governing the evaluation of treating physician opinions "does not state that the rejection of a treating source assessment must be supported by a functional assessment by another source, but rather, that 'good reasons,' supported by the record, be provided for the

rejection." (R & R at 14 (citing 20 C.F.R. § 404.1527(c)(2)).) The Magistrate Judge thoroughly considered the ALJ's explanation for the weight given to Dr. LaBaere's two statements of Plaintiff's limitations and found that the ALJ provided the requisite "good reasons" for discounting these statements. (*See* R & R at 13-16.) Upon reviewing the ALJ's decision and the underlying record, this Court fully concurs in the Magistrate Judge's analysis on this point.

Contrary to Plaintiff's assertion, the ALJ did not impermissibly "play doctor" or make "independent medical findings," (Plaintiff's Objection at 3 (internal quotation marks and citations omitted)), in arriving at an RFC that differed from the assessment of Plaintiff's limitations found in Dr. LaBaere's medical source statements. Rather, as explained in Defendant's underlying summary judgment motion, the pertinent Social Security regulation and ruling both affirm that the determination of a claimant's RFC is "not [a] medical issue[]," but instead is an "administrative finding[]" that is "reserved to the [Defendant] Commissioner." Social Security Ruling 96-5p, 1996 WL 374183, at *2 (S.S.A. July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (providing that "the final responsibility for deciding" a claimant's RFC "is reserved to the Commissioner"); *Johnson v. Commissioner of Social Security,* No. 12-2249, 535 F. App'x 498, 505 (6th Cir. Oct. 15, 2013) (explaining that "[i]f the treating physician . . . submits an opinion on an issue reserved to the Commissioner — such as whether the claimant is disabled, unable to work, the claimant's RFC, or the application of vocational factors — [the ALJ's] decision need only explain the consideration given to the treating source's opinion," and

need not give the opinion "any particular weight" (internal quotation marks and citations omitted)). Thus, the ALJ did not stray into the field of medicine in evaluating Dr. LaBaere's medical source statements in light of the record as a whole and determining whether, and to what extent, to incorporate the limitations contained in these statements into Plaintiff's RFC, but rather carried out a duty that is expressly conferred upon the ALJ and the Commissioner under the governing law.

The Sixth Circuit stressed precisely this point in *Coldiron v. Commissioner of Social Security,* No. 09-4071, 391 F. App'x 435, 441-42 (6th Cir. Aug. 12, 2010). In that case, the plaintiff argued that "because each of his treating and examining physicians rendered RFCs that found him incapable of performing sedentary work, substantial evidence does not support the ALJ's failure to accord those opinions controlling weight, as required by the treating physician rule." *Coldiron,* 391 F. App'x at 441. The Sixth Circuit held that this contention "misconstrue[d]" the treating physician rule:

> [T]he rule does not instruct an ALJ to compare the consistency of treating and examining physicians' opinions to each other. Instead, the rule instructs an ALJ to compare the consistency of a physician's opinion to the *record as a whole.* When deciding if a physician's opinion is consistent with the record, the ALJ may consider evidence such as the claimant's credibility, whether or not the findings are supported by objective medical evidence, as well as the opinions of every other physician of record. [The plaintiff] asks us to focus entirely on the opinions of these physicians while ignoring the remainder of the record. Regulations and our precedent direct otherwise.

391 F. App'x at 441-42 (emphasis in original) (citations omitted).

In this case, the Magistrate Judge found, and this Court agrees, that the ALJ

4

properly discharged his duty under the treating physician rule by evaluating Dr. LaBaere's medical source statements in light of the record as a whole and providing good reasons for declining to adopt certain of the limitations identified in these statements.[1] Although another factfinder perhaps could have reviewed the record and reached a different conclusion as to how many of the limitations found by Dr. LaBaere should be incorporated into Plaintiff's RFC, it suffices that the determination made by the ALJ here is supported by substantial evidence in the record.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 10, 2014 objection (docket #22) to the Magistrate Judge's February 24, 2014 Report and Recommendation is OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #21) is ADOPTED as the opinion of this

---

[1] Indeed, the Court cannot help but note an inherent contradiction in the position taken by Plaintiff in her objection to the R & R.  Plaintiff asserts at one point, albeit without citation to authority, that if "a treating physician has provided an opinion," the ALJ necessarily acts as "his own medical expert" if he rejects or discounts this opinion without "relying upon a contrary opinion."  (Plaintiff's Objection at 4.)  Yet, as Plaintiff acknowledges in another submission in this case, an ALJ may not give a "treating physician's medical opinion less than controlling weight simply because another physician reached a different conclusion."  (Plaintiff's 11/26/2013 Response Br. at 2 (citing *Hensley v. Astrue,* 573 F.3d 263, 267 (6th Cir. 2009)).)  As the ruling in *Coldiron* illustrates, and as Plaintiff herself seemingly recognizes, an ALJ's determination of the weight to give to the medical opinions in the record does not consist merely of counting heads and incorporating into the claimant's RFC the limitations that appear in the majority of these opinions.  Rather, each such opinion must be evaluated on its own, through the process outlined in the pertinent Social Security regulations and rulings.  Consequently, just because only one physician has provided a medical source statement, and no other medical source has expressly opined as to a claimant's limitations, the ALJ is not obliged to adopt this lone medical source statement as "unopposed," but instead must evaluate this statement under the same standards that apply to physician opinions generally.

Court, as supplemented by the rulings in the present order.  Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this order, that Plaintiff's July 15, 2013 motion for summary judgment (docket #15) is DENIED, and that Defendant's November 18, 2013 motion for summary judgment (docket #19) is GRANTED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5135